NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 30 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROHAN RICARDO BROWN,<br><br>     Petitioner,<br><br>v.<br><br>PAMELA BONDI, Attorney General,<br><br>     Respondent. | No. 24-4745<br><br>Agency No.<br>A073-514-991<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 18, 2025**
Pasadena, California

Before: TASHIMA, BYBEE, and IKUTA, Circuit Judges.

Petitioner Rohan Ricardo Brown is a native and citizen of Jamaica. He

seeks review of the Board of Immigration Appeals' ("BIA") order dismissing his

application for asylum, withholding of removal, and relief under the Convention

Against Torture ("CIT"). We deny his petition.

---

     \*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     \*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction pursuant to 8 U.S.C. § 1252. When the BIA does not simply adopt the IJ's determination but also undertakes "its own review of the evidence and the law," as it did here, we review "the BIA's decision" and the IJ's decision "to the extent that [it] . . . is expressly adopted." *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010) (citation omitted). We review the IJ's factual findings as to asylum, removal, and CAT relief for "substantial evidence and will uphold a denial supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Ling Huang v. Holder*, 744 F.3d 1149, 1152 (9th Cir. 2014) (citation omitted). And we review legal questions and constitutional claims de novo. *Flores-Rodriguez v. Garland*, 8 F.4th 1108, 1113 (9th Cir. 2021).

1. Brown filed his petition thirty-one days after the BIA's final order, which is one day after the statutory deadline. INA § 242(b)(1), 8 U.S.C. § 1252(b)(1). His counsel admitted fault, describing the cause as a calculation error. Brown seeks the relief of equitable tolling but lacks proper grounds for doing so. Assuming equitable tolling is applicable to 8 U.S.C. § 1252(b)(1), Brown is not entitled to such relief here. A calculation error is not an extraordinary circumstance, and Brown has not exhibited the sort of diligence required to merit the relief of equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 649 (2010); *Lona v. Barr*, 958 F.3d 1225, 1230 (9th Cir. 2020).

2. Even if we were to reach the merits, substantial evidence supports the

BIA's finding that Brown failed to establish a nexus between the persecution he purportedly suffered and his membership in the particular social group "Immediate Family Members of [his minor-aged daughter] Natasha Brown." The BIA found that Brown "did not establish that his relationship to his daughter bears any nexus to his claims." Indeed, his fears of the Taliban gang are unrelated to his daughter. This "lack of a nexus to a protected ground is dispositive of [Brown's] asylum and withholding of removal claims." *Riera-Riera v. Lynch*, 841 F.3d 1077, 1081 (9th Cir. 2016).

3. Substantial evidence also supports the BIA's finding that Brown failed to prove the Jamaican government is unable and unwilling to protect him. Brown believes the police are colluding with the Taliban, and he offers a country conditions report on Jamaica as corroboration. But the report does not support his belief. It makes no mention of police collusion with gangs, and it reveals that the Jamaican government is actively investigating and combatting policing issues. "[T]o qualify . . . for asylum, the persecution" Brown purports to have suffered "must have been committed . . . by forces" the Jamaican government "was unable or willing to control." *Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1064 (9th Cir. 2020) (citation altered). The BIA's finding that this was not so has substantial evidentiary support.

4. The BIA did not violate Brown's due process rights by opting not to

decide whether the harms he suffered constitute past persecution or support a well-founded fear of future persecution. It reached its decision as to asylum and withholding of removal on the two separately dispositive bases discussed above: lack of nexus and lack of evidence that the government is unable or unwilling to protect him. "[A]gencies are not required to make findings on issues the decision of which is unnecessary to the results they reach." *I.N.S. v. Bagamasbad*, 429 U.S. 24, 25 (1976). In Brown's case, a decision on these additional issues would not change the outcome of his appeal. He suffered no prejudice. *Flores-Rodriguez v. Garland*, 8 F.4th at 1113.

5.     Substantial evidence supports the BIA's finding that Brown is ineligible for CAT protection. He contends that the beating and threats he suffered, paired with the country conditions report he supplied, meet the threshold of torture as it is statutorily defined, 8 C.F.R. § 1208.18(a)(2), and prove that this harm would be carried out "with the consent or acquiescence of a public official or other person acting in an official capacity" in Jamacia, *id.* § 1208.18(a)(1). But the BIA found that his harms "did not constitute torture." And the country conditions report indicates that, far from engaging in collusion, willful blindness, or any other form of acquiescence to police corruption, the Jamaican government actively investigates such issues. *Barajas-Romero v. Lynch*, 846 F.3d 351, 363 (9th Cir. 2017). Accordingly, substantial evidence supports the BIA's finding that Brown is

ineligible for CAT relief.

The petition is **DENIED**.[1]

---

[1] On the same grounds, Brown's motion to stay removal is also **DENIED**.